STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

KA06-1373

STATE OF LOUISIANA

VERSUS

RONALD M. FONTENOT

**********

APPEAL FROM THE
THIRTEENTH JUDICIAL DISTRICT COURT
PARISH OF EVANGELINE, NO. 66514-FA
HONORABLE J. LARRY VIDRINE

**********

MARC T. AMY
JUDGE

**********

Court composed of Oswald A. Decuir, Marc T. Amy, and J. David Painter, Judges.

APPEAL DISMISSED. DEFENDANT-APPELLANT IS PERMITTED TO FILE AN APPLICATION FOR SUPERVISORY WRITS WITHIN THIRTY DAYS FROM THE DATE OF THIS DECISION.

Hon. Christopher Brent Coreil
District Attorney
P. O. Drawer 780
Ville Platte, LA 70586
(337) 363-3438
COUNSEL FOR APPELLEE:
    State of Louisiana

Shelley A. Deville
P. O. Box 716
Ville Platte, LA 70586
(337) 363-0707
COUNSEL FOR APPELLANT:
    Ronald M. Fontenot

**AMY, Judge.**

After a trial by jury, the Defendant, Ronald M. Fontenot, was convicted of two counts of second degree murder. Thereafter, on April 1, 2004, the Defendant was sentenced on both counts to life imprisonment at hard labor without the benefit of parole or suspension of sentence. The Defendant appealed and this court affirmed his convictions and sentences. *State v. Fontenot*, an unpublished opinion bearing docket number 04-570 (La.App. 3 Cir. 11/10/04). In that same opinion, this court granted defense counsel's motion to withdraw.

The Defendant filed an application for post-conviction relief in the trial court on May 16, 2006. A hearing on the application was held on September 14, 2006, and the trial court denied the application that same date. Subsequently, on September 22, 2006, the Defendant filed a "Motion for Notice to Seek Appeal" from the trial court's denial of his application for post-conviction relief. The motion for appeal was granted by the trial court on October 2, 2006.

On October 25, 2006, this court issued a rule to show cause why the appeal in this case should not be dismissed as the judgment at issue is not appealable. The Defendant filed a brief with this court in response to the rule in which he acknowledges that the judgment is not an appealable judgment, but requests that the notice of appeal be converted to an application for supervisory writ. The Defendant also requests an extension of time to submit an application for supervisory writ and brief in support thereof. In conjunction with his response brief, the Defendant filed a Motion to Convert Appeal to Supervisory Writ Application.

Louisiana Code of Criminal Procedure Article 930.6(A) provides:

> The petitioner may invoke the supervisory jurisdiction of the court of appeal if the trial court dismisses the application or otherwise denies relief on an application for post conviction relief. **No appeal lies from a judgment dismissing an application or otherwise denying relief.**

1

(Emphasis added.) Because the judgment is not appealable, the appeal in this case is hereby dismissed. Further, we deny the Defendant-Appellant's request that we covert the appeal to a supervisory writ application.

Defendant-Appellant, Ronald M. Fontenot, is hereby permitted to file a proper application for supervisory writs, in compliance with Uniform Rules—Courts of Appeal, Rule 4, no later than thirty days from the date of this decision. The Defendant is not required to file a notice of intent to seek writs nor obtain an order setting a return date pursuant to Uniform Rules—Courts of Appeal, Rule 4-3 as we hereby construe the motion for appeal as a notice of intent to seek a supervisory writ.

**APPEAL DISMISSED. DEFENDANT-APPELLANT IS PERMITTED TO FILE AN APPLICATION FOR SUPERVISORY WRITS WITHIN THIRTY DAYS FROM THE DATE OF THIS DECISION.**

2